STEWART v OLIWEK

1. Quieting Title—Mortgages—Land Contracts—Possession of Property—Statutes.

An action to quiet title may be maintained by a mortgagee or land contract vendee only if that person is in possession of the subject property (MCLA 600.2932; MSA 27A.2932).

2. Quieting Title—Property—Real Property—Possession of Property—Motions—Summary Judgment—Court Rules.

Possession of the subject property is material to the success of a cause of action to quiet title and where both plaintiff and defendant have submitted proofs that each is in possession, a genuine issue of material fact arises which operates to defeat a motion for summary judgment (GCR 1963, 117.2[3]).

Appeal from Livingston, Bert M. Hensick, J. Submitted March 1, 1977, at Lansing. (Docket No. 26891.) Decided April 19, 1977.

Complaint by Jesse L. Stewart and Norma J. Stewart against Steve Oliwek, Abraham Weberman and Leo Gutman to quiet title to a parcel of land. Summary judgment for plaintiffs. Defendants appeal. Reversed.

*McCririe & Latreille,* for plaintiff.

*Daniel Zolkower,* for defendant.

Before: Danhof, C. J., and T. M. Burns and J. E. McDonald,* JJ.

References for Points in Headnotes
[1] 65 Am Jur 2d, Quieting Title § 46.
[2] 65 Am Jur 2d, Quieting Title § 36.
* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Plaintiffs commenced suit in circuit court seeking to quiet title to a certain parcel of land. From the entry of summary judgment in favor of the plaintiffs, defendants appeal as of right.

Plaintiffs were vendors and defendants were vendees under a land contract for the sale of the land in question. By their complaint the plaintiffs allege that defendants have failed to perform under the contract and have therefore defaulted and that plaintiffs are in possession of the property. Defendants deny default and deny that plaintiffs are in possession.

Plaintiffs' motion for summary judgment was supported by an affidavit alleging essentially the same facts as their complaint, including possession by them. That the affidavit was integrated into the motion is of no import so long as it is made by one alleging personal knowledge of the facts; in this case, the plaintiffs personally. With their answer defendants supplied an affidavit asserting possession in them.

An action to quiet title may only be maintained by a mortgagee or land contract vendee if that person is in possession of the subject property. MCLA 600.2932; MSA 27A.2932 provides, *inter alia:*

"Sec. 2932. (1) Interest of plaintiff. Any person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not.

"(2) Mortgagees, eligibility. No action may be maintained under subsection (1) * * * by a person for the recovery of possession of premises, which were sold on

land contracted, to whom relief is available under subdivision (1) of section 5634 [MCLA 600.5634; MSA 27A.5634]."[1]

In their complaint plaintiffs seek a determination that "all equities, rights, interests of defendants in said premises be terminated". Defendants claim that one such right is possession; hence, recovery of possession is an implicit goal of the plaintiffs' suit if defendants' allegations are taken as true.

Proper procedure for recovery of possession by a vendor is set forth in Chapter 57 of the Revised Judicature Act. MCLA 600.5701 *et seq.;* MSA 27A.5701 *et seq.* Plaintiffs cannot be permitted to circumvent this procedure to the defendants' disadvantage by merely pleading that they have already recovered possession. Plaintiffs have submitted proofs that they are in possession. Defendants have submitted proofs that they are in possession. Possession is material to the success of the plaintiffs' cause of action to quiet title. Thus, a genuine issue of material fact is presented which operates to defeat the plaintiffs' motion for summary judgment under GCR 1963, 117.2(3). *Rizzo v Kretschmer,* 389 Mich 363; 207 NW2d 316 (1973).

Reversed. Costs to defendants.

---

[1] Repealed. *See* now MCLA 600.5726; MSA 27A.5726.